**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DESMOND LAMAR MCSWAIN,<br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br>Defendants | ) | Civ. No. 2:26-cv-02866-BCL-cgc |

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING CASE WITHOUT PREJUDICE, AND ASSESSING THE $405.00 CIVIL FILING FEE**

On July 13, 2026, Plaintiff Desmond Lamar McSwain, Bureau of Prisons register number 28339-509, who at the time was incarcerated at the Federal Correctional Institution in Memphis, Tennessee, filed a *pro se* civil Complaint pursuant to the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq.* Doc. 2.

On July 15, 2026, the Clerk issued a *Pro Se* Filing Deficiency Notice. Doc. 6. The Notice directed McSwain to either submit the $405.00 civil filing fee or the documentation required for seeking leave to proceed *in forma pauperis* within thirty (30) days. *See id.* The Notice was returned to the Court as undeliverable on August 13, 2026. Doc. 7. A check of the Bureau of Prisons' inmate locator revealed that McSwain had been transferred to a halfway house managed by Residential Reentry Management Chicago, and the docket was updated to reflect his new address. The docket sheet was remailed to McSwain.

On August 25, 2026, the Court ordered McSwain to submit, within thirty (30) days, either (1) the $405.00 civil filing fee or (2) a completed *in forma pauperis* affidavit and a certified copy

of his inmate trust account statement for the six months before the filing of the complaint. Doc. 8 at 2 ("Compliance Order"). The Court warned McSwain that if he

> fail[ed] to comply with this order in a timely manner, the Court will deny leave to proceed IFP, assess the entire $405.00 filing fee from [his] trust account without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

*Id.* at 2-3. The Order was mailed to McSwain at his new address, along with an application to proceed without prepaying the filing fee. Doc. 8 at 2.

McSwain has failed to comply with the Court's Compliance Order, and the time for compliance has expired. Accordingly, McSwain is **DENIED** leave to proceed *in forma pauperis*. This case is hereby **DISMISSED WITHOUT PREJUDICE**, pursuant to Federal Rule of Civil Procedure 41(b), for McSwain's failure to prosecute and failure to comply with the Compliance Order. "Rule 41(b) authorizes dismissal '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order.'" *Moore v. Erickson*, No. 22-2134, 2023 WL 9023353, at *2 (6th Cir. Oct. 5, 2023).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full."); *McGore v. Wrigglesworth,* 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea,* 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not cancel the obligation to pay the filing fee).

It is therefore **ORDERED** that McSwain pay the $405 filing fee.

It is **ORDERED** that McSwain cooperate fully with Bureau of Prisons and facility officials in carrying out this order. It is further **ORDERED** that the trust fund officer at McSwain's place of confinement (including a reentry facility or any prison in which McSwain maintains an account) shall withdraw from McSwain's trust fund account the sum of $405.00 and forward that amount to the Clerk of this Court. If the funds in McSwain's account are insufficient to pay the full amount of the civil filing fee, the official is instructed to withdraw all the funds in McSwain's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to McSwain's account, the official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10.00, unless: (1) that amount would constitute the final installment of the civil filing fee, provided that any balance under $10.00 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into McSwain's account to bring the balance to $10.00, or (2) payment would effectively close McSwain's trust account following the end of his incarceration.

Each time that the trust fund officer makes a payment to the Court as required by this order, the trust fund officer shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District Tennessee
167 N. Main, Ste. 242
Memphis, TN 38103

and shall clearly identify McSwain's name and the case number as it appears on the first page of this order. If McSwain is transferred to a different facility or released, McSwain is **ORDERED** to notify the Court immediately of McSwain's change of address. If confined, McSwain shall provide

the officials at the new facility with a copy of this order, which **SHALL** remain binding, along with the obligation to pay the filing fee. If McSwain is released, his obligation to pay the filing fee **SHALL** continue. If McSwain fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on McSwain's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is **ORDERED** to mail a copy of this order to the official in charge of prison trust fund accounts and to the administrator of the facility to ensure that the custodian of McSwain's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is also **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by McSwain would not be taken in good faith. Leave to proceed *in forma pauperis* on appeal is, therefore, **DENIED**.

**IT IS SO ORDERED** this 7th day of October, 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE